UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FRANK MERAM, an individual,

Plaintiff,

v.

GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,

Defendants.

Case No.: 3:25-cv-03126-GPC-MSB

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES IN PART**

[ECF No. 26]

Before the Court is Plaintiff Frank Meram's ("Plaintiff") motion for attorney's fees. ECF No. 26. Defendant General Motors LLC ("Defendant") filed an opposition to the motion, and Plaintiff replied. ECF Nos. 30, 31. The Court finds the matter suitable for decision on the papers submitted and without oral argument. Civ. L.R. 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** in part Plaintiff's motion for attorney's fees.

/ / /

/ / /

/ / /

/ / /

## FACTUAL BACKGROUND

This case arises from Plaintiff's purchase of a new 2024 Chevrolet Silverado 1500 from Defendant. *See* ECF No. 1-2 at 6; ECF No. 26 at 8.[1]

On August 20, 2025, Plaintiff sued Defendant in San Diego County Superior Court for violating California Civil Code § 1793.2(a)(3), (b), and (d) and for breaching the implied warranty of merchantability under California Civil Code §§ 1791.1 and 1794. ECF No. 1-2; *id.* at 6–10. On November 12, 2025, Defendant removed the action to this Court on diversity grounds under 28 U.S.C. § 1332 and filed its answer the same day. ECF No. 1 at 3; ECF No. 2. On December 3, 2025, Plaintiff moved to remand the case to state court. ECF No. 8. On January 9, 2026, the Court denied Plaintiff's motion as moot, ECF No. 18, because the parties settled the case during the Early Neutral Evaluation and Case Management Conference held on January 8, 2026, ECF Nos. 16, 17.[2]

On January 20, 2026, Defendant served a Rule 68 offer of judgment for $78,979 to cover the vehicle's purchase price and Plaintiff's incidental and consequential damages. ECF No. 26-5 at 3; Fed. R. Civ. P. 68. In the offer, Defendant agreed that, for purposes of a motion for fees under California Civil Code § 1794(d), Plaintiff is the prevailing party,

---

[1] Page numbers are based on the CM/ECF pagination.

[2] Plaintiff moved to remand the case to state court on the grounds that Defendant failed to remove the case within the thirty-day period prescribed by 28 U.S.C. § 1446(b)(1) and failed to show that the amount in controversy exceeded $75,000. ECF No. 8 at 4–10. The Court did not address these arguments because the parties settled in the interim. ECF No. 18. Nevertheless, the Court must confirm that it has jurisdiction over this case. The parties are diverse: Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Michigan. ECF No. 1 at 3–4. Defendant is a limited liability company whose sole member and that member's sole member are Delaware entities with principal places of business in Michigan. *Id.* at 3. Defendant's notice of removal estimates actual damages of approximately $71,213, ECF No. 1 at 5, and Plaintiff seeks a "civil penalty in the amount of two times Plaintiff's actual damages," ECF No. 1-2 at 10. Together, these exceed $75,000. *See also* ECF No. 26-5 at 3 (Rule 68 offer of $78,979).

and that the amount of reasonable attorney's fees, expenses, and costs would be determined by the Court on noticed motion. ECF No. 26-5 at 4. Plaintiff accepted the offer on February 3, 2026. ECF No. 26-1 at 12. On April 6, 2026, the Court granted the parties' joint stipulation to continue the Settlement Disposition Conference and the deadline to file a joint motion to dismiss. *Id.*; ECF No. 20. On May 30, 2026, Plaintiff "demanded $10,750.00 in attorney's fees, costs, and expenses," and on June 30, 2026, Plaintiff provided billing slips at Defendant's request. ECF No. 26-1 at 12. The parties negotiated the amount from July 1 to 2, 2026, but reached an impasse, so the Court ordered them to resolve the issue by motion. *Id.* at 12–13; ECF No. 24.

On August 28, 2026, Plaintiff moved for attorney's fees under California Civil Code § 1794(d), a provision of the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act"). ECF No. 26 at 7. Plaintiff seeks $17,392 in attorney's fees, $3,478.40 for a 0.2 lodestar enhancement, and $490.44 in verifiable costs and expenses. *Id.* at 7–8.

## LEGAL STANDARD

Under the Song-Beverly Act, "[i]f the buyer prevails in an action . . . the buyer shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007) (citation omitted). State law also governs the method for calculating such fees. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("Existing Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees.").

Under California law, the lodestar method (total hours multiplied by the attorney's hourly rate) is the preferred method to award attorney's fees under the Song-Beverly Act. *See Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 818 (2006) (describing the California Supreme Court's holding that "the lodestar adjustment method is the prevailing rule for statutory attorney fee awards to be applied in the absence of clear legislative intent to the contrary"); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1135 (2001) ("When the Legislature has determined that the lodestar adjustment approach is not appropriate, it has expressly so stated."); *see also Lange v. Ford Motor Co.*, No. 2:21-cv-05376-FWS, 2023 WL 3149274, at *3 (C.D. Cal. Mar. 17, 2023) (describing the lodestar calculation). A court must "make an initial determination of the actual time expended; and then . . . ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Robertson*, 144 Cal. App. 4th at 817 (quoting *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994)). To determine reasonableness, a court can consider the "complexity of the case and procedural demands, the skill exhibited and the results achieved." *Id.* (citation omitted). The fee award need not be proportionate to the amount of damages recovered. *See Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 164 (2006). Once the lodestar is calculated, it may be adjusted by the court. *See Robertson*, 144 Cal. App. 4th at 819.

The prevailing buyer must show that the fees incurred were "allowable," "reasonably necessary to the conduct of the litigation," and "reasonable in amount." *Goglin v. BMW of N. Am., LLC*, 4 Cal. App. 5th 462, 470 (2016) (citation omitted). If the opposing party challenges the reasonableness of the fees, it "has the burden to demonstrate the hours spent are duplicative or excessive." *Hellenberg v. Ford Motor Co.*, No. 18cv2202 JM (KSC), 2020 WL 1820126, at *1 (S.D. Cal. Apr. 10, 2020). "General arguments that fees claimed

are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guar. Ass'n*, 163 Cal. App. 4th 550, 564 (2008).

A district court has broad discretion to set the amount of a fee award because of its "superior understanding of the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). If a court determines that some hours billed are not reasonable, it should exclude them by conducting an "hour-by-hour analysis of the fee request" or by making "across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (citation omitted).

## DISCUSSION

The parties do not dispute that Plaintiff is entitled to attorney's fees and costs, but they disagree about the amount of the fees. *See* ECF No. 26-5 at 4 (agreeing that Plaintiff is the prevailing party); ECF No. 30 at 7. Plaintiff requests $17,392 in attorney's fees plus a lodestar enhancement of 0.2 in the amount of $3,478.40. ECF No. 26 at 7–8. Defendant contends that Plaintiff's request is "padded with manufactured hours, unreasonably high rates, improper flat fees, and an unjustified request for a multiplier." ECF No. 30 at 7. Defendant argues that the Court should award Plaintiff no more than $3,010 in attorney's fees. *Id.* at 18–19.

### I. Lodestar Method

"A district court, using the lodestar method to determine the amount of attorney's fees to award, must determine a reasonable number of hours for which the prevailing party should be compensated." *Gonzalez*, 729 F.3d at 1202. The lodestar method "multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citation omitted).

#### A. Hours Reasonably Expended

At this step, the Court determines whether the hours Plaintiff's counsel expended were reasonable. Counsel need not "record in great detail how each minute of [their] time

was expended." *Hensley*, 461 U.S. at 437 n.12. Counsel need only keep records "in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed." *Id.* at 441 (Burger, C.J., concurring). The Court excludes hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Here, Plaintiff's counsel billed 21.3 hours, including five estimated hours for work on this motion, plus two flat-rate charges for pre-litigation work. ECF No. 26-1 at 7; ECF No. 26-2 at 2–5. Defendant argues that these hours are excessive because counsel spent too much time on routine tasks and overstaffed the case. ECF No. 30 at 8–9; *see also* ECF No. 30-2 at 2–3 (objecting to specific entries). The Court addresses each disputed category in turn.

**1. Flat Fees for Pre-Litigation Work**

"Block billing is the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) (citation modified). Under California law, "block billing is not objectionable 'per se,' though it certainly does increase the risk that the trial court, in a reasonable exercise of its discretion, will discount a fee request." *Jaramillo v. Cnty. of Orange*, 200 Cal. App. 4th 811, 830 (2011) (quoting *Christian Rsch. Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1325 (2008)). Block billing poses a particular problem "where there is a need to separate out work that qualifies for compensation under [the applicable fee statute] from work that does not." *Id.* Accordingly, "[t]rial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not." *Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1010 (2013). More generally, a district court may impose a reduction of up to "10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation," but a larger reduction

requires the court to articulate "its reasoning with more specificity." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

In this case, Plaintiff's billing invoice contains two flat-rate entries. ECF No. 26-2 at 4. The March 28, 2025, entry charges $4,500 for the following:

> [A]ll services rendered prior to the preparation of the Pre-litigation Letter and related documents in this matter, including all communications with client, including, but not limited to, case facts, merits of case, applicability of Song-Beverly Consumer Warranty Act to case facts, client's contacts to Defendant, attorney-client retainer agreement, and pertinent evidentiary documentation; attorney review of client's repair orders, purchase contract, current registration, vehicle payment information, and incidental damages; the preparation of the Attorney-Client Retainer Agreement; computation of client's actual damages; and review of all written and verbal communications with Defendant's representative(s) outside the context of litigation.

*Id.* Plaintiff's counsel states that it does not track billable time during the intake stage because "many cases do not move forward." ECF No. 26-1 at 7. Counsel estimates that the flat fee reflects about nine hours of work at a rate of $500 an hour. *Id.* The second entry, dated March 31, 2025, charges $2,500 for the following:

> [A]ll services rendered relating to the preparation of the pre-litigation demand letter required by the Song-Beverly Consumer Warranty Act in order to seek civil penalties, including but not limited to, communications with the Manufacturer, communications with the client, analysis of any offers or responses made by the manufacturer; drafting of the pre-litigation demand letter, compiling all necessary documents for the demand letter, and calendaring any deadlines associated with the pre-ligation [*sic*] stage required by the law.

*Id.* at 4–5. Defendant argues that Plaintiff's request for these fees is "improper for several reasons." ECF No. 30 at 15. First, the flat fees fall outside the Song-Beverly Act's scope of recovery because they are "*not* based on actual time expended." *Id.* (emphasis in original). Second, and related to the first, Plaintiff has failed to produce records that allow

the Court to discern "whether the claimed hours were reasonably incurred and properly allocated to specific tasks." *Id.* at 16. Third, the flat fees "raise the possibility" of "overcharging for outsourced overseas intake work." *Id.* Plaintiff contends that "[a]ggregation is not a per se bar" to recovery and that if a court has difficulty evaluating the hours tied to flat fees, the solution is "clarification or a proportional reduction, not total elimination." ECF No. 31 at 7. As to Defendant's argument about Plaintiff overcharging and outsourcing work overseas, Plaintiff responds that the allegation is baseless. *Id.* at 8.

Two courts in this district have addressed these same flat fees from Plaintiff's counsel. In *Moron v. General Motors LLC*, the court awarded them in full because "Plaintiffs provide a high-level account of what these services entail" and none of the outlined tasks were "ineligible for compensation." No. 3:25-cv-02458-H-BLM, 2026 WL 357534, at *6 (S.D. Cal. Feb. 9, 2026). In *Eoll v. General Motors, LLC*, the court reduced them by 30% because "the challenged entries bill for some non-compensable work, contain insufficient information to assess reasonableness, and charge for an excessive number of overall hours." No. 3:25-cv-02310-WQH-JLB, 2026 WL 2323828, at *8 (S.D. Cal. Aug. 10, 2026).

Here, the Court agrees with *Eoll*. The flat-rate entries are "so voluminous in lumping together various distinct tasks, the Court has no way to disaggregate the activities to determine whether the time billed for any particular task was reasonable." *Zamora v. BMW of N. Am., LLC*, No. CV 20-838-KS, 2023 WL 8896264, at *9 (C.D. Cal. July 28, 2023). The second entry also bills for calendaring, a clerical task that is not recoverable as part of an attorney's fee award. *See Cal. Open Lands v. Butte Cnty. Dep't of Pub. Works*, No. 2:20-cv-00123-DJC-DMC, 2024 WL 4819205, at *6 (E.D. Cal. Nov. 18, 2024); *Eoll*, 2026 WL 2323828, at *7 (calendaring is clerical work). The Court also concludes that the estimated hours for the flat-fee entries are unreasonable. Plaintiff's counsel equates the flat-fee entry of $4,500 to nine hours of work. ECF No. 26-1 at 7. At the same $500 hourly rate, the

$2,500 entry, for which counsel gives no hour estimate, would reflect about five hours of billable work. *See id.* at 7–8. Together, the entries reflect roughly fourteen hours of pre-litigation work, an excessive amount for tasks that mostly require reviewing case documents, preparing forms, and communicating with Plaintiff. ECF No. 26-2 at 4–5; *see Eoll*, 2026 WL 2323828, at *8.

Because the flat fees bundle inseparable tasks, include non-compensable work, and rest on an excessive number of hours, the Court reduces them by 30%, from $7,000 to $4,900.[3]

### 2. Motion to Remand

Plaintiff's billing invoice lists two hours of work to review Defendant's notice of removal and draft a motion for remand and a supporting declaration. ECF No. 26-2 at 2. Defendant argues that these hours are "unreasonable" because the motion was a "copy and paste job." ECF No. 30 at 8. Plaintiff counters that counsel billed only for the time spent modifying and updating its existing forms, and that Defendant benefited from counsel's "streamlining techniques," which "shorten the time required of particular tasks." ECF No. 31 at 5.

The Court concludes that two hours is a modest amount of time for this type of work. In *Moron*, which also involved Plaintiff's counsel, Prestige Legal Solutions, P.C., the court found that 2.9 hours were reasonable to review the defendant's notice of removal and draft a motion to remand. 2026 WL 357534, at *4. The court based that determination on counsel's review of an eleven-page notice of removal, legal research, and a twenty-two-page motion. *Id.* Here, Plaintiff's counsel filed a seventeen-page motion and billed almost an hour less than in *Moron*. ECF No. 8; *cf. Tapia v. Ford Motor Co.*, No. 3:20-cv-01510-

---

[3] Given this fee reduction, the Court need not reach Defendant's argument that the pre-litigation work may have been performed by overseas workers. ECF No. 30 at 16.

W-MSB, 2021 WL 5863597, at *2 (S.D. Cal. Oct. 19, 2021) (finding that 20.2 hours to prepare and file a motion to remand was excessive). Additionally, *Gerber v. FCA US LLC*, which Defendant cites, does not change the Court's conclusion. ECF No. 30 at 8. In *Gerber*, the court reduced the plaintiff's fees for a motion to remand because it denied the motion on the ground that diversity jurisdiction existed. No. 17-cv-00518-AJB-BGS, 2020 WL 6271057, at *3 (S.D. Cal. Oct. 26, 2020); *see* Order Den. Pl.'s Mot. to Remand at 6–10, *Gerber*, No. 17-cv-00518-AJB-BGS, ECF No. 25 (S.D. Cal. June 23, 2017). Here, by contrast, the Court denied the motion because the parties settled the case, which mooted the request for remand. ECF No. 18; *see also Garcia v. Ford Motor Co.*, No. 22-cv-1474-GPC, 2023 WL 3961090, at *3 (S.D. Cal. June 12, 2023) (finding reasonable thirteen hours to research, draft, and file a motion to remand and reply even though the court denied the motion as moot). Finally, Defendant offers no evidence that Plaintiff's counsel copied the motion from other cases. *See Eoll*, 2026 WL 2323828, at *6 (rejecting the same argument for lack of evidence). The Court therefore finds that the two hours billed for the motion to remand were reasonable.

### 3. Early Neutral Evaluation

Plaintiff's billing invoice also contains numerous entries for the Early Neutral Evaluation ("ENE"). ECF No. 26-2 at 2–3. For example, Plaintiff billed for the time it took to draft a stipulation to continue it, prepare client for it, communicate with the Court regarding it, meet with litigation team over it, and then prepare and attend the conference. *Id.* Defendant argues that Plaintiff's excessive billing for the ENE partly resulted from "two different attorneys" working on it—i.e., associate attorney Andrea Plata and senior counsel Stephanie Pengilley. ECF No. 30 at 8. Defendant also objects to the 0.5 hours Ms. Plata spent drafting a joint stipulation to continue the ENE and the 0.2 hours she spent conferring with Defendant's counsel, calling the time "unreasonable and unnecessary to progressing [the] case." ECF No. 30-2 at 2. Based on these objections, Defendant asks the Court to

reduce the amount billed or strike it. *Id.* Plaintiff counters that the associate's work benefited Defendant because it spared Defendant the higher cost of having senior counsel on every matter. ECF No. 31 at 5.

Here, the Court declines to reduce Plaintiff's billed hours for the ENE. *See Eoll*, 2026 WL 2323828, at *6 (declining to reduce 4.7 hours billed to prepare for an ENE); *Hellenberg*, 2020 WL 1820126, at *4 (finding reasonable 14.9 hours billed for an ENE, including 10.1 hours spent preparing for and attending it). It was a reasonable division of labor to have Ms. Plata, the junior associate, prepare the client while Ms. Pengilley attended the conference. *See* ECF No. 26-2 at 2–3. In short, the Court defers to counsel's judgment on proper staffing. *See Moreno*, 534 F.3d at 1115 (explaining that a court "may not attempt to impose its own judgment regarding the best way to operate a law firm"). Likewise, the 0.7 hours billed for drafting a stipulation to continue the ENE and conferring with opposing counsel about it were reasonable.

**4. Overstaffing**

Defendant also contends that Plaintiff overstaffed the case beyond just the ENE. ECF No. 30 at 8. Specifically, Defendant argues that Plaintiff's nine timekeepers created inefficiencies, "as shown by the time entries for internal communications and endless file review." *Id.* Plaintiff counters that this argument is "improper" because Defendant does not "identify any specific entries" and cites no factual or legal support for its position. ECF No. 31 at 5–6.

The Court is unpersuaded by Defendant's argument. "[T]he participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort." *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995) (quoting *Kim v. Fujikawa*, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989)). Defendant relies only on Plaintiff's nine timekeepers, but headcount alone does not show that they duplicated work.

Defendant's line-item objections do not change this conclusion. Contrary to Plaintiff's assertion, Defendant identifies specific entries as duplicative, but each entry reflects distinct work. ECF No. 30-2 at 2–3. First, Ms. Plata's January 7, 2026, entry for 0.4 hours covers correspondence with Plaintiff about the ENE on the eve of the conference. ECF No. 26-2 at 2. Although counsel called Plaintiff two days earlier, Ms. Plata's written follow-up further prepared Plaintiff for the ENE, so it does not overlap with that call. Second, Ms. Pengilley's January 8, 2026, entry for 0.8 hours to prepare for the ENE and call Plaintiff duplicates no other work. *Id.* at 3. Because Local Rule 16.1(c)(1) requires attendees to appear "with complete authority to discuss and enter into settlement," Ms. Pengilley's preparation was warranted. Civ. L.R. 16.1(c)(1). Third, Roxana Rosas's January 28, 2026, entry for 0.4 hours to prepare a buyback estimate is not redundant. ECF No. 26-2 at 3.[4] Fourth, Rabiya Tirmizi's July 2, 2026, entry for 0.3 hours covers an email to opposing counsel that conveyed Plaintiff's $10,000 counteroffer in response to Defendant's $7,000 offer from earlier that day. *Id.* at 4; ECF No. 26-1 at 12–13; ECF No. 26-6 at 2–5. The email therefore advanced the negotiations and did not repeat the July 1, 2026, exchange of offers.

**5. Across-the-Board Reduction**

In light of the deficiencies Defendant raises above, it asks the Court to apply an "across-the-board reduction of at least 30%" to Plaintiff's billed hours. ECF No. 30 at 9. Defendant argues that the deficiencies it identifies "make it impracticable to isolate every

---

[4] Defendant argues that this entry duplicates work covered by the flat fees. ECF No. 30-2 at 2. The Court disagrees. The flat fee from March 28, 2025, covers the "computation of client's actual damages" before the pre-litigation demand letter. ECF No. 26-2 at 4. Ms. Rosas prepared the buyback estimate on January 28, 2026, after Defendant served its Rule 68 offer and before Plaintiff accepted it. *Id.* at 3; ECF No. 26-1 at 12. Her work therefore occurred at a different stage of the case and served a different purpose than the flat fees.

unreasonable increment of time with precision," so a percentage reduction is necessary "to ensure that the lodestar includes only hours reasonably expended." *Id.*

In this case, the Court declines to reduce Plaintiff's requested attorney's fees by 30%. Courts reserve across-the-board percentage cuts for a "voluminous fee application," not a four-page billing invoice that the Court can, and does, review line by line. *Warren v. Kia Motors Am., Inc.*, 30 Cal. App. 5th 24, 41 (2018) (citation omitted); *see also Gonzalez*, 729 F.3d at 1203 (permitting a district court to make across-the-board cuts "when faced with a massive fee application" (citation omitted)). The Court addresses Defendant's specific grounds for this reduction above and below, so it need not examine them again.

As to Defendant's argument that a number of entries reflect clerical and administrative work for which Plaintiff cannot recover fees, the Court disagrees in part. ECF No. 30-2 at 2–3. Courts award fees for necessary support services, such as substantive paralegal and secretarial work, but not for purely clerical tasks. *See Garcia*, 2023 WL 3961090, at *4; *Blood v. Mercedes-Benz USA, LLC*, No. 23-cv-1463-WQH-AHG, 2024 WL 4875265, at *7 (S.D. Cal. Nov. 22, 2024) (permitting recovery for secretarial and paralegal services when the work is "substantive case-related work"). Purely clerical tasks "include, but are not limited to, filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents." *Cal. Open Lands*, 2024 WL 4819205, at *6 (quoting *Sterling Sav. Bank v. Sequoia Crossing, LLC*, No. 09-555-AC, 2010 WL 3210855, at *7 (D. Or. Aug. 11, 2010)). The Court finds the following entries purely clerical and therefore denies fees for them: the October 16, 2025, entry by Emma Ibarra for emailing initial disclosures to Defendant (0.1 hours); the January 7, 2026, entry by Ms. Plata for corresponding with the Court about the parties' joint filings (0.1 hours); the February 6, 2026, entry by Ms. Rosas for sending the vehicle's title and registration to Defendant (0.1 hours); the February 10, 2026, entry by Ms. Rosas for

updating the "settlement tab on filevine" (0.2 hours); the February 23, 2026, entry by Ms. Rosas for saving executed settlement documents to the client's file (0.1 hours); and the July 6, 2026, entry by Samuel Castelan for filing Plaintiff's request to appear remotely (0.1 hours). ECF No. 26-2 at 2–4. One additional entry is also not recoverable. Ms. Pengilley billed 0.2 hours on June 30, 2026, for conducting a "detailed review and audit of billing slips" and for sending opposing counsel Plaintiff's fee demand. *Id.* at 3. Courts in this circuit have declined to award fees for such work. *See Holcomb v. BMW of N. Am., LLC*, No. 18cv475 JM (BGS), 2020 WL 759285, at *6 (S.D. Cal. Feb. 14, 2020) ("[I]t is unreasonable that Defendant should pay Plaintiffs' attorneys to confirm the accuracy of their own bills."); *Jameson v. Ford Motor Co.*, No. 2:18-cv-01952-ODW (ASx), 2019 WL 6840758, at *3 (C.D. Cal. Dec. 16, 2019) (striking fees for "review and audit billing"). Because this entry combines the audit with a recoverable fee-demand email, the Court reduces it by half, to 0.1 hours.

As to Defendant's argument that internal communications should not be recoverable, the Court disagrees. Internal communications, such as meetings between attorneys, are a "routine and necessary part of providing legal representation to the client." *Aviles v. Subaru of Am., Inc.,* No. 1:18-cv-01544-DAD-SKO, 2020 WL 868842, at *4 (E.D. Cal. Feb. 21, 2020). But if such "communications are the result of inflationary billing practices," *SEC v. Capital Cove Bancorp LLC*, No. SACV 15-980-JLS (JCx), 2016 WL 6078324, at *4 (C.D. Cal. June 29, 2016), or may indicate "unreasonable overstaffing," *Coles v. City of Oakland*, No. C03-2961 TEH, 2007 WL 39304, at *10 (N.D. Cal. Jan. 4, 2007), a court may reduce the fees in whole or in part. Additionally, *Durham v. FCA US LLC*, which Defendant cites, differs from this case. ECF No. 30 at 8. There, the court found "a significant amount of time spent on the preparation of internal memorandums and summaries for co-counsel." *Durham*, No. 2:17-cv-00596-JLT, 2020 WL 243115, at *5 (E.D. Cal. Jan. 16, 2020). It reduced the lodestar by 2.5 hours because the tasks "were clearly internal communications

and duplicative in nature." *Id.* Here, Plaintiff's invoice reflects no comparable internal memoranda, and the Court has found none of the challenged entries duplicative.

**6. Fees Related to this Motion**

"Generally, a plaintiff is entitled to [reasonable] fees spent drafting and defending" a motion for attorney's fees. *Quinonez v. FCA US, LLC*, No. 2:19-cv-02032-KJM-JDP, 2022 WL 2007429, at *3 (E.D. Cal. June 6, 2022) (citation modified). However, courts in this circuit often reduce the hours spent on fee motions because of their "template, boilerplate nature." *Cabrera v. Ford Motor Co.*, No. 23-cv-1775-WQH-LR, 2025 WL 2462442, at *11 (S.D. Cal. Aug. 26, 2025) (reducing the hours spent on the fee motion from 9.2 hours to five hours); *see, e.g.*, *Ovesepyan v. Mercedes-Benz USA, LLC*, No. 2:21-cv-01410-FWS-AFM, 2023 WL 8586384, at *4 (C.D. Cal. Mar. 17, 2023) (finding no more than nine hours reasonable for a fee motion in light of "the straightforward and boilerplate nature of lemon law fee motions"); *Saavedra v. Ford Motor Co.*, No. 21-cv-01193-AJB-BGS, 2022 WL 16629951, at *3 (S.D. Cal. Sept. 16, 2022) (reducing fees because a fee motion "is largely a template-driven activity").

Here, Plaintiff billed 3.7 hours to prepare this motion, ECF No. 26-2 at 4, and estimated five additional hours to review the opposition, draft the reply, and attend the hearing, ECF No. 26 at 2, 7–8. Defendant argues that these fees should not be awarded because counsel refused to confer with Defendant to settle the matter and pursued this motion instead. ECF No. 30 at 17–18. Defendant also argues that the billed and estimated hours are excessive and asks the Court to "strike all fees for fee litigation." *Id.* at 18.

The Court concludes that Plaintiff may recover fees for 6.1 hours of work on this motion. Plaintiff's billing invoice lists 3.7 hours to draft this motion and the declaration of John Myers and prepare related documents. ECF No. 26-2 at 4. Because the Court decides this motion on the papers, it reduces Plaintiff's five-hour estimate to 2.4 hours, the time counsel actually spent reviewing the opposition and drafting the reply and supporting

declaration. ECF No. 31-1 at 2. The resulting 6.1 hours falls within the range other courts have found reasonable. *Compare Eoll*, 2026 WL 2323828, at *6 (finding 6.9 hours to prepare a fee motion reasonable), *and Moron*, 2026 WL 357534, at *5 (reducing time billed for the fee motion and supporting documents to ten hours and denying anticipated time), *with Evazyan v. Mercedes-Benz USA, LLC*, No. 2:22-cv-06032-JLS-MRW, 2023 WL 11197079, at *5 (C.D. Cal. Dec. 6, 2023) (finding 15.3 hours billed to prepare a fee motion unreasonable).

The Court also declines to strike these fees entirely because the record shows that the parties conferred and that Plaintiff's counsel did not negotiate unreasonably. *See Hanna v. Mercedes-Benz USA, LLC*, 36 Cal. App. 5th 493, 508 (2019) (explaining that fees should not be denied "absent a finding that failure to resolve the case through negotiation was unreasonable or solely attributable to counsel's desire to generate more fees"). Plaintiff's counsel provided its billing records after Defendant requested them, the parties exchanged offers until they reached an impasse, and the Court directed the parties to resolve the matter by motion. ECF No. 24; ECF No. 26-1 at 12–13.

**B. Reasonable Hourly Rate**

Courts base reasonable hourly compensation on the "prevailing hourly rates" in the community. *Ketchum*, 24 Cal. 4th at 1132. "The relevant community is that in which the district court sits." *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 978 (S.D. Cal. 2014) (citation omitted). The party requesting the fee bears the burden "to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Courts may also rely on "their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). "Once the fee applicant has proffered such evidence, the opposing party must produce its

own affidavits or other evidence to rebut the proposed rate." *Nguyen v. BMW of N. Am., LLC*, No. 3:20-cv-2432-JLS (BLM), 2023 WL 173921, at *2 (S.D. Cal. Jan. 12, 2023) (quoting *Cortes v. Metro. Life Ins. Co.*, 380 F. Supp. 2d 1125, 1129 (C.D. Cal. 2005)).

Plaintiff requests hourly rates between $450 and $595 for attorneys and between $125 and $195 for staff. ECF No. 26-2 at 2–4.[5] To support these rates, Plaintiff submits the declaration of Mr. Myers, which describes each timekeeper's experience and cites decisions approving similar rates. ECF No. 26-1 at 2–6. Defendant contends that the attorneys' rates are too high for several reasons. ECF No. 30 at 9–11.[6] First, Defendant argues that Plaintiff's counsel ignores that the relevant rate is the one charged by "private attorneys 'conducting *noncontingent* litigation of the same type.'" *Id.* at 9 (quoting *Ketchum*, 24 Cal. 4th at 1133). Second, Defendant contends that Plaintiff's rates exceed what lemon law work warrants because courts routinely deem these cases uncomplicated. *Id.* at 10. Defendant argues that the more appropriate rate is $350 an hour, or $400 at most. *Id.* Third and fourth, Defendant argues that Plaintiff submitted "little, if any, evidence" to support its rates and that the case's resolution "within a few months demonstrates it was a relatively straightforward case." *Id.* at 11. Defendant asks the Court to apply a "reasonable blended rate of no more than $350 an hour." *Id.* In response, Plaintiff contends that Defendant has not met its burden of producing "evidence that the requested rates are

---

[5] More specifically, Plaintiff's counsel requests the following hourly rates for its attorneys and staff: Elizabeth LaRocque (associate attorney), $595; Ms. Pengilley (senior counsel), $575; Mr. Myers (senior counsel), $565; Ms. Tirmizi (senior counsel), $525; Michelle Yang (founding partner), $525; Ms. Plata (associate attorney), $450 in 2025 and $500 in 2026; Mr. Castelan (paralegal, legal assistant, or case manager), $195; Ms. Rosas (same title), $150; and Ms. Ibarra (same title), $125. ECF No. 26-2 at 2–4.

[6] Defendant does not challenge the hourly rates for paralegals and other support staff. Accordingly, the Court accepts those rates.

outside the market rates." ECF No. 31 at 8–9. Plaintiff also argues that the contingent nature of the case further supports a higher hourly rate. *Id.* at 9.

The Court concludes that the requested rates for Ms. LaRocque ($595 in 2026), Ms. Pengilley ($575 in 2026), Ms. Yang ($525 in 2025), and Mr. Myers ($565 in 2026) fall within the range this district has approved for attorneys of comparable experience and skill. *See Garcia*, 2023 WL 3961090, at *4 (upholding attorney rates between $475 and $605 per hour); *Nguyen*, 2023 WL 173921, at *3 (approving attorney rates of $325, $375, and $525 an hour).[7] Courts in this district have approved Ms. LaRocque's $595 rate, *Cabrera*, 2025 WL 2462442, at *4–6; Ms. Yang's $525 rate and Mr. Myers's $545 rate, *Moron*, 2026 WL 357534, at *3; and Ms. Pengilley's $575 rate, *Eoll*, 2026 WL 2323828, at *4. The $20 increase in Mr. Myers's rate since M*oron* is modest and consistent with increases other courts have accepted. *See Eoll*, 2026 WL 2323828, at *4 (approving Ms. Pengilley's rate despite its $30 increase since *Moron*). In sum, the Court finds all four rates reasonable.

The Court reaches a different conclusion as to the rates for Ms. Plata ($450 in 2025 and $500 in 2026) and Ms. Tirmizi ($525 in 2026). ECF No. 26-2 at 2, 4. As to Ms. Plata, two courts in this district have reduced her rate to $250 because of her limited experience (she obtained her license only in 2022). ECF No. 26-1 at 3; *Moron*, 2026 WL 357534, at *4; *Eoll*, 2026 WL 2323828, at *4; *see also Hellenberg*, 2020 WL 1820126, at *2–3 (approving rates of $250 to $325 per hour for associates). Plaintiff's counsel attests that a Los Angeles County Superior Court approved her $450 rate for 2025, but Plaintiff did not submit that order and offers no other support for her $500 rate in 2026. ECF No. 26-1 at 3. In any event, "[t]he relevant community is that in which the district court sits." *Carr*, 51 F.

---

[7] Although Ms. LaRocque's title is associate attorney, she was admitted to the State Bar of California in 2002. ECF No. 26-1 at 4. A reasonable rate reflects an attorney's "skill, experience and reputation," not her title. *Blum*, 465 U.S. at 895 n.11.

Supp. 3d at 978 (citation omitted). Here, the Court agrees with *Moron* and *Eoll* and reduces Ms. Plata's rate to $250 for both years.

As to Ms. Tirmizi, her rate also warrants a reduction. Although she is senior counsel, she was admitted to practice only in 2021. ECF No. 26-1 at 4. Plaintiff cites *Waggener v. General Motors, LLC*, a Los Angeles County Superior Court order, as "upholding similar rates at PLS," ECF No. 26-1 at 5, but a Los Angeles court's determination of rates does not establish the prevailing rate in this district. *See Carr*, 51 F. Supp. 3d at 978. A court in this district, by contrast, approved a $395 rate for her in 2024. *Cabrera*, 2025 WL 2462442, at *4–6. The Court accordingly reduces her rate to $395.[8]

The Court declines to apply a blended rate, as requested by Defendant, because reasonable hourly rates vary with each attorney's experience and skill. The Court also declines Plaintiff's request for a higher rate based on the contingent nature of its representation because California law treats contingent risk as a basis for a lodestar multiplier, not a rate increase. *See Robertson*, 144 Cal. App. 4th at 819 (explaining that "the initial lodestar amount is based on the reasonable rate for *noncontingent litigation* of the same type, which amount may then be enhanced . . . to account for factors such as the contingent nature of the case" (emphasis added)); *see also id.* at 822 (remanding for recalculation of the fee award because "the trial court considered some of the same factors in reaching the lodestar amount as it did in applying a multiplier").

---

[8] The Court declines to approve Ms. Tirmizi's $525 requested rate because Plaintiff offers no evidence from this district that supports a $130 increase over *Cabrera*'s rate. The Court measured the modest increases for Mr. Myers and Ms. Pengilley against rates that courts in this district approved recently. *See* ECF No. 26-2 at 4; *Cabrera*, 2025 WL 2462442, at *4–6.

## II. Lodestar Multiplier

Under California law, the lodestar "may be adjusted by the court based on factors including . . . (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. In weighing these factors, a court may not rely on any factor the lodestar already reflects. *See Robertson*, 144 Cal. App. 4th at 822. A multiplier may be applied "in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citation modified). "[T]he party seeking a fee enhancement bears the burden of proof." *Ketchum*, 24 Cal. 4th at 1138.

Plaintiff asks the Court to apply a 0.2 multiplier because his counsel took on "significant financial and operational risks" in litigating this case. ECF No. 26 at 23. Plaintiff also cites recent changes to the lemon law and the delay in payment. *Id.*; ECF No. 26-1 at 8. Defendant argues that this request is unwarranted, particularly because Plaintiff's justifications for the multiplier are the same as those for his requested hourly rates—a practice Defendant calls "double counting." ECF No. 30 at 11–12. Defendant also argues that the requested rates already account for any contingent risk and that the case is routine enough that no multiplier is warranted. *Id.* at 13.

Here, the Court finds that a multiplier is not justified. This case involved no unusually complex legal issues, it settled less than five months after Plaintiff filed suit, and nothing in the record suggests that it precluded counsel from accepting other work. Although Plaintiff's counsel took this case on contingency, the Song-Beverly Act is a mandatory fee-shifting statute that "eliminates any uncertainty about whether costs will be

awarded to the prevailing party." *Rahman v. FCA US LLC*, 594 F. Supp. 3d 1199, 1207 (C.D. Cal. 2022) (citation omitted).

A multiplier is also not justified because this case differs from *Garcia* in significant respects. In *Garcia*, this Court applied a "fee enhancement of 0.3 to account for the delay in payment and the results obtained." 2023 WL 3961090, at *5. There, the defendant did "not in substance dispute the application of a multiplier for these specific reasons"; it "simply argue[d] that the fee [was] excessive and thus no multiplier [was] warranted." *Id.* Here, by contrast, Defendant contests each ground Plaintiff offers. ECF No. 30 at 11–15. It argues that the contingent risk is already reflected in Plaintiff's requested rates, that an enhancement would double count that risk, and that this routine lemon law case is "far from the rare and exceptional case" that can justify a multiplier. *Id.* Additionally, the enhancement in *Garcia* substantially rested on specific findings about a sixteen-month delay in payment. 2023 WL 3961090, at *5. Here, Plaintiff offers no comparable showing.[9] It describes the "financial burden of delayed payment" only in general terms. ECF No. 26 at 23; *see* ECF No. 26-1 at 8 (repeating the delayed-payment argument without specifics).

The Court finds that the time, skill, and complexity required to litigate this case are reflected in the lodestar calculated below. *See infra* Section III. The Court therefore denies Plaintiff's request for a multiplier. *See Moron*, 2026 WL 357534, at *6 (denying the same firm's request for a 0.2 multiplier); *Eoll*, 2026 WL 2323828, at *8 (same); *Cabrera*, 2025 WL 2462442, at *12 (declining to apply a multiplier "given the routine nature of th[e] case and the lack of novel or complex issues").[10]

---

[9] The Court recognizes the twenty-month gap between March 2025, when Plaintiff's counsel began work on this case, and November 2026, when the Court decides this motion. ECF No. 26-2 at 4.

[10] Because the Court denies Plaintiff's request for a multiplier, Defendant's alternative request that Plaintiff's counsel be ordered to produce its retainer agreement is moot. ECF No. 30 at 13–14.

## III. Lodestar Calculation

In sum, the Court calculates the lodestar amount as $12,379.50.

| Name | Hours | Rate | Lodestar |
|---|---|---|---|
| John Myers | 6.1 | $565 | $3,446.50 |
| Stephanie Pengilley | 3.1 | $575 | $1,782.50 |
| Andrea Plata | 5.5 | $250 | $1,375.00 |
| Roxana Rosas | 1.5 | $150 | $225.00 |
| Elizabeth LaRocque | 0.4 | $595 | $238.00 |
| Samuel Castelan | 0.7 | $195 | $136.50 |
| Michelle Yang | 0.3 | $525 | $157.50 |
| Rabiya Tirmizi | 0.3 | $395 | $118.50 |
| Emma Ibarra | 0.0 | $125 | $0.00 |
| **Hourly Subtotal** | **17.9** | | **$7,479.50** |
| Flat fee for 3/28/25 | n/a | $4,500 (reduced 30%) | $3,150.00 |
| Flat fee for 3/31/25 | n/a | $2,500 (reduced 30%) | $1,750.00 |
| **Flat Fee Subtotal** | | | $4,900.00 |
| **Total** | **17.9** | | **$12,379.50** |

## IV. Costs and Expenses

Under the Song-Beverly Act, a prevailing buyer may recover "a sum equal to the aggregate amount of costs and expenses." Cal. Civ. Code § 1794(d); *see Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 137–38 (1995). Plaintiff requests costs and expenses in the amount of $490.44. ECF No. 26 at 24–25; ECF No. 26-4 at 2–3. Defendant does not challenge this request. Accordingly, the Court awards Plaintiff $490.44 in costs and expenses.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part Plaintiff's motion for attorney's fees. The Court awards Plaintiff's counsel $12,379.50 in attorney's fees and $490.44 in costs and expenses. The Court **DENIES** Plaintiff's request for a lodestar

multiplier. The Court orders Defendant to pay this fee award to Plaintiff's counsel within thirty (30) days of the date of this Order unless the parties agree otherwise. The hearing set for November 20, 2026, on this matter is therefore **VACATED.**

**IT IS SO ORDERED.**

Dated: November 19, 2026

Hon. Gonzalo P. Curiel
United States District Judge